UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CASE NO. 4:23CV-29-JHM
*Electronically Filed*

| | |
|---|---|
| DUNGARVIN KENTUCKY, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GERALDINE STITH, As Administratrix of | ) |
| the ESTATE OF DANIEL SUTTON, | ) |
| | ) |
| Defendant. | ) |

**Serve: Wilson W. Greene, Esq.**
**The Greene Law Firm, PLLC**
**6004 Brownsboro Park Blvd.**
**Suite E**
**Louisville, KY 40207**

## PETITION

Plaintiff, Dungarvin Kentucky, LLC (hereinafter "Plaintiff" or "Dungarvin"), hereby files this Petition against Defendant, Geraldine Stith, as Administratrix of the Estate of Daniel Sutton, seeking to compel arbitration of the claims asserted by Defendant in the Henderson Circuit Court, Henderson County, Kentucky, Case No. 22-CI-00429 (the "State Court Action") and enjoin Defendant from further pursuing the State Court Action.

In support of the Petition, Plaintiff states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Dungarvin Kentucky, LLC ("Dungarvin Kentucky"), is a Minnesota limited liability company with its principal place of business in Mendota Heights, Minnesota. Therefore, Dungarvin Kentucky is a citizen of Minnesota.

2. At the time of his death, Daniel Sutton was a citizen of Henderson County, Kentucky. Therefore, for purposes of diversity jurisdiction, Defendant Geraldine Stith, as Administratrix of the Estate of Daniel Sutton ("Defendant"), is a citizen of Kentucky.

3. Upon information and belief, Defendant may be served through retained counsel at 6004 Brownsboro Park Boulevard, Suite E; Louisville, Kentucky 40207.

4. Complete diversity of citizenship exists between Plaintiff and Defendant.

5. The claims for which Plaintiff seeks to compel arbitration on behalf of itself and all associated or affiliated parties are for actual and punitive damages of an unspecified amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as set forth in the Complaint in the State Court Action.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7. The transaction and contract that are the subject of this action involve interstate commerce and, therefore, this controversy is within the scope of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA").

## FACTUAL ALLEGATIONS

8. Plaintiff re-alleges and re-incorporates all of the allegations contained in paragraphs 1-7 of the Petition as if fully set forth herein.

9. From September 1, 2020 through June 7, 2021, Daniel Sutton was a resident of a supported living group home (hereinafter referred to as "group home" or "facility") located at 1801 Kresge Way in Henderson County, Kentucky, and the facility was operated by Dungarvin Kentucky, LLC. Mr. Sutton had been a resident of the group home before September 1, 2020, the date on which Dungarvin assumed operation of the facility.

10. As part of the admissions process when Dungarvin assumed operation of the home, Defendant, as the Court-appointed Guardian of Daniel Sutton, signed an Arbitration Agreement on behalf of Mr. Sutton. *See* **Arbitration Agreement, attached as Exhibit A.**

11. The Arbitration Agreement provides:

**A.      Disputes to be Arbitrated.** Any legal dispute, disagreement, or claim of any kind now existing or arising in the future shall be settled exclusively by binding arbitration. This Agreement shall apply to all controversies, disputes, disagreements or claims against the Facility, its owners, affiliates, employees or agents including but not limited to, all claims arising out of or relating to the Admission Agreement or the services to be performed thereunder, a breach thereof, or any dispute in tort or professional malpractice, including whether any healthcare or nursing services rendered under the Admission Agreement were necessary or authorized, or were improperly, negligently or incompetently rendered, arising with respect to the care, services and attention provided to or on behalf of Consumer during the period of Consumer's residence at the Facility and all allegations of fraud in the inducement or requests for rescission of the Admission Agreement. Any such dispute, controversy or claim is hereinafter referred to as a "Claim(s)".

Exhibit A, at page 1.

12. The Agreement further explains:

**F.      Binding Nature of Arbitration.** By voluntarily signing the Admission Agreement and this Arbitration Agreement, it is understood and agreed by the parties that the right to a jury or court trial of any Claim defined herein that arises during the period of residence at the Facility is waived and that arbitration under the Federal Arbitration Act, the Kentucky Uniform Arbitration Act, and the Rules of Procedure for the American Health Lawyers Association Alternative Dispute Resolution Service or such other arbitration service as the parties agree is accepted to be the exclusive means for resolving any such claims.

Exhibit A, at page 2.

13. The Parties to the Agreement further emphasized that "[t]he decision of the arbitrators shall be binding on all of the parties to the arbitration, and also on their successors, affiliates and assigns, including the agents and employees of the Facility, and all persons whose claim is derived through or on behalf of the Consumer, including, but not limited to, that of any

parent, spouse, child, guardian, executor, administrator, legal representative, or heir of the Consumer." Exhibit A, at page 2.

14. The Arbitration Agreement binds the Resident and all persons whose claim is derived through or on behalf of the Resident including, among others, the Resident's executor, administrator, legal representative or heir. Exhibit A, at page 2.

15. The Agreement also binds the Facility's successors, affiliates and assigns, including the agents and employees of the Facility. Exhibit A, at page 2.

16. Additionally, the Admission Agreement (attached as **Exhibit D**), also signed by Defendant on behalf of Daniel Sutton, provides that both parties agree to submit to binding arbitration "as detailed in the attached arbitration agreement." Exhibit D, at pp. 7, 8.

17. The Parties agreed that an arbitration proceeding governed in accordance with the Kentucky Uniform Arbitration Act and/or the Federal Arbitration Act, 9 U.S.C.A. §1, *et seq*. shall be "the exclusive means for resolving" and claims between the parties. Exhibit A, at page 2.

18. On or about July 15, 2022, in breach of the Arbitration Agreement, Defendant filed a Complaint in Henderson Circuit Court for alleged injuries to Daniel Sutton arising out of Mr. Sutton's residency at the Dungarvin facility ("the State Court Action"). ***See* State Court Action Complaint, attached as Exhibit B**.

19. At the time Defendant signed the Arbitration Agreement on Daniel Sutton's behalf, she had been the Court-Appointed Guardian of Daniel Sutton for over 13 years pursuant to an Order entered by the Trigg District Court on June 7, 2007, and was empowered to act on Daniel Sutton's behalf as it relates to executing instruments and entering into contractual relationships, among other things. ***See* Guardianship Order, attached as Exhibit C**.

20. Defendant also signed a number of other contracts and documents with the facility as part of the admission process for Daniel Sutton, including an Admission Agreement, which also incorporated by specific reference the Arbitration Agreement. *See* **Admission Agreement, attached as Exhibit D**.

21. The FAA "reflects an emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Center, Inc. v. Brown,* 132 S.Ct. 1201, 1203 (2012).

22. Under Section 2 of the FAA, 9 U.S.C. § 2, the Arbitration Agreement is a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of the contract or transaction.

23. Section 2 of the FAA, 9 U.S.C. § 2, requires judicial enforcement of arbitration agreements "save upon such grounds as exist at law or in equity for the revocation of any contract."

24. The Supreme Court of the United States has instructed that, "[a]lthough [§ 2 of the FAA] preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, at 1748 (2011).

25. The Supreme Court has repeatedly held that, by enacting § 2 of the FAA, "Congress precluded States from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed upon the same footing as other contracts." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (internal quotation omitted).

26. Defendant alleges in the State Court Action that Daniel Sutton "was admitted as a resident at 1801 Kresge Way, a facility owned and operated by Dungarvin Kentucky, LLC" during the relevant time period, and that "the causes of action forming the basis for [the State Court Action] arise out of [Dungarvin's] ownership, operation, management, control, licensing, staffing,

and/or services provided by [Dungarvin] during the residency of Daniel. Sutton." Exhibit B at ¶¶ 12, 22.

27. All the claims asserted by Defendant in the State Court Action are within the scope of the Arbitration Agreement.

## ACTION TO COMPEL ARBITRATION

28. Plaintiff re-alleges and re-incorporates all of the allegations contained in paragraphs 1-27 of the Petition as if fully set forth herein.

29. A valid and enforceable Arbitration Agreement exists between Plaintiff and Defendant, which requires the Defendant's claims in the State Court Action to be submitted to binding arbitration pursuant to the contract between the Parties.

30. Defendant has breached the Agreement by filing the State Court Action instead of submitting to binding arbitration as required under the Arbitration Agreement.

31. Dungarvin has fulfilled a condition precedent to seeking enforcement of the Arbitration Agreement by using its "best efforts to resolve any Claim" by participating in mediation and attempting to negotiate a settlement. See Exhibit A, at p. 1. However, that effort was unsuccessful.

32. Pursuant to Section 4 of the FAA, U.S.C. § 4, Plaintiff petitions this Court for an order directing that arbitration of Defendant's claims asserted in the State Court Action proceed in the manner provided for in the Arbitration Agreement.

## ACTION TO ENJOIN DEFENDANT

33. The allegations contained in Paragraphs 1–32 of the Petition are adopted and incorporated herein by reference.

34. The Anti-Injunction Act, 28 U.S.C. § 2283, provides authority for this Court to enjoin Defendant from further pursuing the State Court Action upon a finding that a valid arbitration agreement exists covering all the claims asserted in the State Court Action.

35. After finding that a valid arbitration agreement exists, Plaintiff asks this Court to enter an Order that not only compels Defendant to pursue all of the claims asserted in the State Court Action in accordance with the terms of the Agreement, but that also enjoins Defendant from further pursuing her claims in the State Court Action or otherwise proceeding there or outside of the agreed-upon arbitral forum.

36. The U.S. Court of Appeals for the Sixth Circuit has interpreted 28 U.S.C. § 2283 to allow this Court to so enjoin Defendant when such an injunction would be necessary to protect or effectuate the district court's judgments.

37. Here, enjoining Defendant from further pursuing the State Court Action is expressly authorized by the aforementioned statutory provisions and, further, is necessary and will assist this Court in exercising its properly invoked jurisdiction over Plaintiff's petition to protect any final judgment of the Court on this issue.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following:

1. A judgment by this Court finding that the Arbitration Agreement attached hereto as Exhibit A is valid and enforceable, thereby compelling Defendant to arbitrate her claims asserted in the State Court Action in accordance therewith;

2. An Order enjoining Defendant from further pursuing her claims in the State Court Action, or in any other action, save the procedures provided for in the Agreement;

3. Awarding Plaintiff its costs in bringing this Petition; and

4. Any further relief that the Court deems appropriate.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

/s/ W. Douglas Kemper
W. Douglas Kemper
doug.kemper@wilsonelser.com
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: (502) 238-7860
Facsimile: (502) 238-7844
*Counsel for Plaintiff*